UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

    Plaintiff,

v.                                                  CASE NO: 6:14-cr-80-Orl-40TBS

VICTORIA SNOW

    Defendant.
_____

### REPORT AND RECOMMENDATION

Pending before the Court is Defendant's Motion for Approval of Costs for Defense Sentencing Expert. (Doc 188).   Upon due consideration I respectfully recommend that the motion be **GRANTED**.

### I. Background

Defendant, Victoria Snow seeks Court authorization to spend $2,500.00 for a defense sentencing expert (Doc. 188).   The proposed expert is a company that will provide a statistical analysis of the sentences imposed in all federal cases where the defendant was in the same or a similar situation as the Defendant (Doc. 193 at 1). Defendant alleges that the expert data will show that defendants with similar backgrounds, criminal histories, and loss amounts have received downward departures/variances in their sentences (Id.).   Defendant will be seeking a downward departure/variance in this case.

### II. Discussion

The court has authority to authorize the retention of an expert, and payment therefor, pursuant to 18 U.S.C. section 3006A(e)(1), which provides:

    e) Services other than counsel.--

> (1) Upon request.--Counsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte application. Upon finding, after appropriate inquiry in an ex parte proceeding, that the services are necessary and that the person is financially unable to obtain them, the court, or the United States magistrate judge if the services are required in connection with a matter over which he has jurisdiction, shall authorize counsel to obtain the services.[1]

I am not convinced that the Court will find the proposed expert's data persuasive. And, Defendant's motion is deficient in that she has not provided the Court with any legal authority or a detailed explanation of the significance and necessity of the proposed expert's testimony. But, I have decided to give Defendant the benefit of the doubt and recommend a finding that retention of the expert's services is necessary for the adequate representation of this Defendant. Accordingly, I recommend that motion be approved.

### III. Recommendation

For the foregoing reasons, I respectfully recommend that: Defendant's Motion for Approval of Costs for Defense Sentencing Expert. (Doc 188) be **granted**.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

---

[1] Section 3006A(e)(3) further provides that, "Compensation to be paid to a person for services rendered by him to a person under this subsection, or to be paid to an organization for services rendered by an employee thereof, shall not exceed $2,400, exclusive of reimbursement for expenses reasonably incurred, unless payment in excess of that limit is certified by the court, or by the United States magistrate judge if the services were rendered in connection with a case disposed of entirely before him, as necessary to provide fair compensation for services of an unusual character or duration, and the amount of the excess payment is approved by the chief judge of the circuit. The chief judge of the circuit may delegate such approval authority to an active or senior circuit judge."   18 U.S.C. § 3006A(e)(3).

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on October 22, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Defendant